

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Edwin C. Moorehead
District Attorney
Travis County
Austin, Texas

Dear Sir:

Opinion No. O-1909
Re: Liability of retail mer-
chants, selling .22 caliber
pistols and revolvers, to
the occupation tax levied
by Article 7047d, Vernon's
Annotated Civil Statutes

By your letter of January 16, 1940, supple-
mented by letter of January 26, 1940, you request our
opinion upon the liability of merchants, engaged in
the business of selling at retail .22 caliber pistols
and revolvers, to the occupation tax levied by Article
7047d, Vernon's Annotated Civil Statutes. You also in-
quire as to the liability of said merchants to pay the
occupation tax levied by the city.

Article 7047d, Vernon's Annotated Civil
Statutes, levies the following tax:

"That hereafter there shall be col-
lected from every person, firm or corpora-
tion engaging in the business of barter-
ing, leasing, selling, exchanging, or
otherwise dealing in pistols for profit,
whether by wholesale or retail, an annual
occupation tax of Ten Dollars ($10.00),
to be paid on or before January 1st of
each year, and to be paid before con-
tinuing said business, within thirty (30)

Honorable Edwin G. Moorehead, page 2

days from the effective date hereof.
Before so engaging in said business,
each such dealer shall obtain a license
therefor, to be issued by the County
Tax Collector of each county in which
the applicant has a place of business,
and for each separate place of business.
The Comptroller of Public Accounts shall
furnish said forms to the Tax Collectors."
(Underscoring ours)

With regard to the occupation tax to be
levied upon such business by a city or municipality,
section 2 of the above cited article provides as
follows:

"The Commissioners' Court of the
several counties, as well as municipal-
ities, shall also have the power to
levy and collect such a tax, equal to
one-half of the amount herein levied."

The case of Caswell and Smith v. State, 148
S. W. 1159, upholds the validity and constitutionality
of an excise tax similar in its attributes to the one
involved here. The article levying the tax involved
in the case cited has been repealed, but we deem this
authority, in principle, to be controlling here.

The tax measure under consideration being a
valid and constitutional exercise of legislative power,
and no facts appearing to take the merchants in question
out of the operation and scope of the tax levy above
quoted, but on the contrary, it appearing that such mer-
chants are within the letter of the statute, we are con-
strained to hold that they are and remain in all things
liable for the occupation tax thereby levied.

Assuming that the municipal or city tax in
question here has been duly levied upon the described
business in an amount equal to one-half of the State
levy, as authorized and provided by section 2 of Article
7047d, Vernon's Annotated Civil Statutes, hereinabove
quoted, it must follow that the merchants in question

Honorable Edwin G. Moorehead, page 3

would likewise be liable for the payment of such tax.

Trusting this fully answers your inquiry, we are,

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Pat M. Neff, Jr.
Assistant

PMN:LW

APPROVEDFEB 7, 1940

ATTORNEY GENERAL OF TEXAS

